# EXHIBIT 1

# Counsel of Record

**Counsel for Plaintiffs:**

Mr. Kurt B. Arnold
Mr. Jason A. Itkin
Mr. M. Paul Skrabanek
Mr. Cory D. Itkin
Mr. Robert P. Wynne
**Arnold & Itkin, LLP**
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Tx 77010
Phone: (713)222-3800
Fax: (713)222-3850

Mr. Jay M. Kilpatrick
**Young Williams PA**
210 E. Capitol Street, Suite 2000
Jackson, MS
Phone: (601)948-6100
Fax: (601)355-6136

Mr. Ryan Zehl
Mr. Bryant Fitts
**Fitts Zehl LLP**
2700 Post Oak Blvd, Suite 1120
Houston, Tx 77056
Phone: (713)491-6064
Fax:  (713)583-1492

**Counsel for Defendants:**

Mr. Thomas W. Taylor        Mr. J. Andrew Langan
**Andrews & Kurth LLP**      **Kirkland & Ellis, LLP**
600 Travis, Suite 4200       300 North LaSalle Street
Houston, Tx 77002            Chicago, IL 30654
Phone: (713)220-4200         Phone: (312)862-2000
Fax: (713)220-4285           Fax:  (312)862-2200

Attorneys for:
**BP Exploration & Production Inc.**
**BP Corporation North America, Inc.**
**BP Products North America, Inc.**

Mr. Frank A. Piccolo
Mr. Edwin G. Preis, Jr.
Mr. Richard Hymel
Mr. Robert Kallam
Mr. Kevin T. Dossett
**Preis &Roy, APLC**
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Tx 77046
Phone: (713)355-6062
Fax:  (713)572-919

Mr. Marc G. Matthews
**Phelps Dunbar LLP**
 700 Louisiana, Suite 2600
Houston, Tx 77002
Phone: (713)626-1386
Fax: (713)626-1388

Attorneys for:
**Triton Asset Leasing GmbH**
**Transocean Holdings LLC,**
**Transocean Offshore Deepwater Drilling Inc.**
**Transocean Deepwater Inc.**

Mr. David Beck
Mr. Joe Redden, Jr.
Mr. David Jones
Mr. GeoffGannaway
**Beck, Redden & Secrest LLP**
One Houston Center
1221 McKinney St., Suite 4500
Houston, Tx 77010
Phone: (713)951-3700
Fax:  (713)951-3720

Attorneys for:
**Cameron International Corporation d/b/a**
**Cameron Systems Corporation**

# EXHIBIT 2

NO. 62,738

COUNTY COURT AT LAW NO. 3 OF GALVESTON COUNTY

KRITZER, JOSHUA

VS.

TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.

No. 62,738

PAGE: 1

PRO SE (SBN:00900903)

TX

STATUS CONFERENCE SET FOR        OTHER
                                 FILED: APRIL 29, 2010

Attorney- KURT B. ARNOLD (SBN:24036150)
1401 McKINNEY ST., SUITE 2550
HOUSTON
713-222-3800
TX 77010

$227.00
CLERK $40, LIB $35, MEDIATION $15,
CRT RPT $15, SEC $5, RMP $5, JUD. $40, APP $5,
LEGAL SVC FEE $10, ARCHIVE $5, JUD. $42,
RP $10

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By                          Deputy
CODY STOTT

NO. 62,738

COUNTY COURT AT LAW NO. 3 OF GALVESTON COUNTY

KRITZER, JOSHUA

VS.

TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.

No. 62,738

PRO SE (SBN:00900903)

TX

OTHER

FILED- APRIL 29, 2010

PAGE: 2

Attorneys- KURT B. ARNOLD (SBN:24036150)
1401 MCKINNEY ST., SUITE 2550
HOUSTON TX 77010
713-222-3800

A CERTIFIED COPY
Attest MAY 21 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
JODY STOTT

# EXHIBIT 3

CAUSE NO. 62,738

| | | |
|---|---|---|
| Joshua Kritzer | § | IN COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUMBER THREE |
| | § | |
| Transocean Offshore Deepwater Drilling | § | |
| Inc.; BP Exploration And Production Inc.; | § | |
| BP, PLLC; BP Products North America Inc.; | § | |
| and BP Corporation North America, Inc. | § | |
| | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

**FILED** 30 MAY 13 PM 1:57 COUNTY CLERK GALVESTON COUNTY, TEXAS

### Plaintiffs' Fifth Amended Petition

Plaintiffs Joshua Kritzer; Nick Watson; Bill Johnson; Heith Lambert; Coby Richard; Dustin Johnson; Brett Guillory; Stenson Roarke; Denise Arnold, mother of Shane Roshto; Jacquelyn Duncan; Cathleena Willis; and Rhonda Burkeen, individually, and as personal representative for the Estate of Aaron Dale Burkeen and on behalf of all heirs (including Aryn and Timothy Burkeen (minor children)), and as personal representative for her minor son, Timothy Burkeen, (collectively as "Plaintiffs") each and all complain of Defendants Transocean, Ltd. ("Transocean"), Transocean Offshore Deepwater Drilling Inc. ("Transocean"), Transocean Deepwater, Inc. ("Transocean"), BP Products North America Inc. ("BP"), BP Exploration and Production Inc. ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc. ("BP"), Halliburton Energy Services, Inc. ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that:

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

## I.

### Jurisdiction

1.     This claim is maintained under the Jones Act (46 U.S.C. §§ 30104, *et seq.*) and/or the general maritime law of the United States.

2.     These claims are filed in state court pursuant to the "Saving to Suitors" clause. It is well-settled that Jones Act cases are not removable to federal court.  Moreover, several defendants are Texas citizens.  As such, this case cannot be removed on the basis of diversity jurisdiction.  Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel on the bottom of the oceanbed floor) is patently frivolous and designed solely to deprive plaintiffs and other similar injured persons from their chosen venue, constitutional right to a jury, and day in court.

## II.

### Venue

3.     Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County.  Further, BP is primarily based in Galveston County.

2

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
JODY STOTT

### III.

#### Discovery Level

4.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.

#### Parties

5.      Plaintiff Joshua Kritzer is a resident of Louisiana.  Mr. Kritzer worked for Offshore Cleaning Systems. Mr. Kritzer was blown over 30 feet in the hallway and the ceiling collapsed on him causing him to blackout.  He has suffered a closed head injury, other physical injuries, and post traumatic distress.

6.      Plaintiff Bill Johnson is a resident of Louisiana.  Mr. Johnson worked for Transocean as the Deck Pusher.  Bill Johnson has worked offshore nearly 35 years.  He was Burkeen's direct supervisor on the day in question.  Once the power went out, an explosion rocked Johnson. He suffered smoke inhalation and other physical injuries as he rushed to get his crew to the life rafts.  Sadly, Burkeen was one of Johnson's best friends and Burkeen was the only man lost from Johnson's crew.  Once they pushed off, the company refused to take Johnson and others in for help.  Instead, the company made the decision to keep these men there for over ten hours alongside the blazing rig as the men stared at the rig knowing their friends were on it.

7.      Plaintiff Rhonda Burkeen is a resident of Mississippi.  At the time of the explosion, Rhonda Burkeen was married to Aaron Dale Burkeen.  Aaron Dale Burkeen worked for Transocean as a crane operator.  He was not even suppose to be on tower when

3

A CERTIFIED COPY
Attest:   MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By
CODY STOTT                      Deputy

the explosion occurred. Burkeen was relieving another crane perator for dinner when the explosion occurred. He tried to cradle the crane and escape down the stairs. The second explosion is believed to have caused his death. Rhonda Burkeen and Aaron Dale Burkeen have a minor child -- Timothy Burkeen. Additionally, Rhonda Burkeen brings this lawsuit as personal representative on behalf of Aryn Burkeen, who is a minor child of Dale Burkeen from a previous marriage.

8.      Nick Watson is a resident of Louisiana. Mr. Watson worked for Transocean for three years as a roustabout. He worked with Burkeen on the day of the incident. He was on deck when suddenly the mud came out of the hole at alarming speeds. The power went out and then the explosions occurred. Watson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants.

9.      Heith Lambert is a resident of Louisiana. Mr. Lambert worked for Offshore Cleaning Systems and suffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of his coworkers get severely injured and die as a result of the negligence of Defendants.

10.     Coby Richard is a resident of Louisiana. Mr. Richard worked for Offshore Cleaning Systems and uffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of his coworkers get severely injured and die as a result of the negligence of Defendants.

11.     Brett Guillory is a resident of Louisiana. Mr. Guillory a back injury, neck injury, shoulder injury, suffered smoke inhalations, hearing loss, other physical injury, and

4

A CERTIFIED COPY
MAY 2 1 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

suffers from post traumatic stress from the events that unfolded.  The ceiling collapsed on him in his room causing him severe injury.

12.   Dustin Johnson is a resident of Louisiana.   Mr. Johnson worked for Transocean for as a roustabout.  He was on tower at the time of the incident.  He was knocked to the ground multiple times and suffered physical injuries to his back, shoulder, and neck.  Johnson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants.

13.   Stenson Roarke is a resident of Mississippi.   Mr. Roarke worked for Transocean.  Roarke inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants.

14.   Denise Arnold is mother of Shane Roshto.  She tragically lost her son in this accident.  Under maritime and relevant law, she was financially dependent current and in to the future. She seeks punitive damages came under the maritime law for the loss her son.

15.   Jacquelyn Duncan is a resident of Mississippi.  Upon hearing the news of the explosion, she rushed to the Transocean Offices to check on the status of her brother, Wyatt Kemp, who was working aboard the Deepwater Horizon.  Despite knowing her brother was already dead, Transocean told her that her brother was alive and well.  Ms. Duncan's relief that her brother was alive and safe was short lived.  She later learned that Mr. Kemp had died in the explosion and that Transocean had lied about his well-being.  She has suffered severe emotional distress ever since.

A CERTIFIED COPY
Attest:   MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

16.    Cathleena Willis is a resident of Harris County, Texas.   Ms. Willis was working aboard the Deepwater Horizon on the date in question. Ms. Willis now suffers from severe ankle pain, back pain, and hearing loss as a result of the explosion. Ms. Willis' claims are maintained against all Defendants except Halliburton.

17.    Defendant Transocean, Ltd. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

18.    Defendant Transocean Offshore Deepwater Drilling Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

19.    Defendant Transocean Deepwater, Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

20.    Defendant BP Products North America Inc. is a foreign entity with its principal place of business in Texas. BP Products North America Inc. may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas, 78701.

21.    Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

22.    Defendant BP, LLC is a foreign entity with its principal place of business in

6

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

Texas.  BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

23.    Defendant BP Corporation North America, Inc. is a foreign entity with its principal place of business in Texas.  BP Corporation North America, Inc. may be served with process at Prentice Hall Corp. System, 701 Brazos Street, #1050, Austin, Texas 78701.

24.    Defendant Halliburton Energy Services, Inc. is a foreign entity with its principal place of business in Texas.  Halliburton Energy Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

25.    Defendant Sperry-Sun Drilling Services, Inc. is a foreign entity with its principal place of business in Texas.  Sperry-Sun Drilling Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

26.    Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas. Weatherford International, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## V.

### Nature of the Action

27.    Plaintiffs suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010.  At the time, Plaintiffs were seamen, borrowed or otherwise, employed by Defendants.  While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to

7

A CERTIFIED COPY
Attest:                MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By                                         Deputy
CODY STOTT

accomplish its mission, Plaintiffs were critically injured as a result of the explosion. Plaintiffs suffered smoke inhalation, physical injuries, hearing loss and other damages. Tragically, Aaron Dale Burkeen lost his life in the explosion. Aside from the human losses, the explosion has caused what is expected to be the worst man-made environmental disaster in U.S. history – far eclipsing the EXXON VALDEZ oil spill in 1989.

28.   The DEEPWATER HORIZON was a floating semi-submersible drilling rig owned by Transocean. It was built in 2001, utilized dynamic positioning technology, and was designed to move from location to location as necessary. BP leased the drilling rig from Transcocean for $500,000 per day. The total lease contract was worth more than $544 million. Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other fires, collisions, and oil spills.

29.   As a result of the tragedy, U.S. Attorney General Eric Holder is considering bringing criminal charges against BP. This would not be the first time BP has faced criminal charges in relation to its activities in and around the Gulf of Mexico. In 2007, BP pled guilty to felony charges arising out of the March 2005 explosion at its Texas City refinery which killed 15 workers and injured hundreds more. After that explosion, BP was fined more than $21 million by OSHA – the largest penalty ever issued at that time. BP was also required to fix the deficiencies which led to the Texas City disaster. However, BP refused to comply with its obligations and failed to make the required safety upgrades. As a result, in 2009, BP was fined an additional $87 million by OSHA – by far the largest fine in OSHA history. BP's reckless safety culture is systemic.

8

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

30.     The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system.  Cameron supplied much of the rig's inadequate, defective blow out prevention equipment.

31.     Halliburton was in charge of cementing the well, but failed to safely do its job. Halliburton's failures contributed to the explosion.  Halliburton's faulty cementing work has been linked to other major offshore disasters.  For instance, Halliburton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia. Moreover, Sperry (a division of Halliburton) was charged with real time gas monitoring, but failed to safely perform this function.

32.     Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

      a.    failure to properly supervise their crew;

      b.    failure to properly train their employees;

      c.    failure to provide adequate safety equipment;

      d.    failure to provide adequate medical treatment;

      e.    operating the vessel with an inadequate crew;

      f.    failure to maintain the vessel;

      g.    failure to conduct a proper search and rescue mission;

      h.    vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

      i.    violating applicable Coast Guard, MMS, and/or OSHA regulations;

      j.    failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

9


A CERTIFIED COPY
MAY 21 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By
CODY STOTT                    Deputy

k.   failure to provide sufficient personnel to perform operations aboard the vessel;

l.   failure to exercise due care and caution;

m.   failure to avoid this accident; and

n.   other acts deemed negligent.

33.   At all relevant times, the DEEPWATER HORIZON was unseaworthy.

34.   As a result of said occurrences, Plaintiffs collectively sustained the following damages:

a.   Pre-death physical pain and suffering;

b.   Pre-death mental pain, suffering, and anguish;

c.   Past, present, and future physical pain and suffering;

d.   Past, present, and future mental pain, suffering, and anguish;

e.   Past, present, and future medical expenses;

f.   Past lost wages;

g.   Loss of future earning capacity;

h.   Loss of fringe benefits;

i.   Loss of services and support;

j.   Loss of nurture, guidance, care, and instruction;

k.   Loss of funeral expenses;

l.   Loss of inheritance;

m.   Disfigurement, disability, and/or death;

n.   Loss of enjoyment of life;

o.   All survival damages recognized under the general maritime law; and

10

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

p.    All other damages recoverable under law.

35.    Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless.  Defendants' conduct was willful, wanton, arbitrary, and capricious.    They acted with flagrant and malicious disregard of Plaintiffs' health and safety and the health and safety of Plaintiffs' co-workers.  Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them.  Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others.    Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions.  Moreover, Plaintiffs may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon Shipping Company*.

36.    As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies.  Plaintiffs suffered injuries to their ankles, hips, knees, backs, necks, and other body parts, which resulted in physical pain, suffering, mental anguish, fear, and discomfort.  Plaintiffs continue to suffer following their injuries.    They are owed maintenance and cure for the past and the future.    To the extent Defendants have refused and will refuse to pay Plaintiffs maintenance and cure, their refusal is willful, intentional, arbitrary, and capricious,

A CERTIFIED COPY
Attest:    MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

entitling Plaintiffs to an award of attorneys fees and punitive damages. Plaintiffs have sustained a loss of earnings in the past and earning capacity in the future. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

## VI.

### Intentional Infliction of Emotional Distress Claim by Jacquelyn Duncan against the Transocean Defendants.

37.     Plaintiff, Jacquelyn Duncan brings this claim individually against the Transocean Defendants.

38.     Upon hearing of the disaster, Ms. Duncan went to the Transocean offices to inquire about her brother, Wyatt Kemp, because he was working aboard the Deepwater Horizon at the time of the explosion. By the time she spoke to Transocean employees about her brother, Transocean already had knowledge that her brother was dead. Despite this knowledge, Transocean lied to Ms. Duncan, stating that her brother was alive and well and that he would be returning safely to shore. Ms. Duncan was overjoyed at the news her brother was still alive and safe. However, she later learned that her brother was one the workers killed in the explosion.

39.     In Texas, a cause of action for intentional infliction of emotional distress exists where: (1) the plaintiff is a person; (2) the defendant acted intentionally or recklessly; (3) the emotional distress suffered by plaintiff was severe; (4) the defendant's conduct was extreme and outrageous; (5) the defendant's conduct proximately caused the plaintiff's emotional distress. Here, Ms. Duncan is a person. Transocean acted intentionally as it knew Ms. Duncan's brother was dead but lied to her. Ms. Duncan suffered severe distress as a result of

12

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

Transocean's lie about her brother.  Specifically, she is now an emotional wreck and has trouble performing basic day-to-day tasks.  Transocean's conduct was also extreme and outrageous.  Transocean knew the families of the rig workers would be looking to them for guidance and honesty.  However, they lied to Ms. Duncan's face.

40.    As a result of the emotional distress Transocean has inflicted upon Ms. Duncan she seeks actual damages, medical expenses in the past and future, loss of earning capacity in the past and future, and exemplary damages.

**VII.**

**Jury Trial**

41.    Plaintiffs hereby request a trial by jury on all claims.

**VIII.**

**Prayer**

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

**DATED: May 13, 2010.**

13

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By
CODY STOTT                    Deputy

Respectfully submitted,

ARNOLD & ITKIN LLP

Kurt B. Arnold
State Bar No. 24036150
Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
Robert P. Wynne
State Bar No. 24060861
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone:    (713) 222-3800
Facsimile:    (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

Jay M. Kilpatrick
YOUNGWILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:    (601) 948-6100
Telefax:    (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN**

FILED
10 MAY 13 PM 1:57
Mary Ann Daigle
COUNTY CLERK
GALVESTON COUNTY, TEXAS

14

A CERTIFIED COPY
Attest: MAY. 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

Ryan Zehl
Texas Bar No. 24047166
Bryant Fitts
Texas Bar No. 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone:    (713) 491-6064
Telefax:        (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**

FILED
10 MAY 13 PM 1:57
COUNTY CLERK
GALVESTON COUNTY, TEXAS

15



A CERTIFIED COPY
MAY 2 1 2010
Attest
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

EXHIBIT 4

CAUSE NO. 62,738

| | | |
|---|---|---|
| JOSHUA KRITZER, ET AL. | § | IN COUNTY COURT AT LAW |
| | § | |
| | § | |
| VS. | § | NO. 3 |
| | § | |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| ET AL. | § | GALVESTON COUNTY, TEXAS |

---

**DEFENDANTS' MOTION TO TRANSFER VENUE,
AND SUBJECT THERETO, ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

---

Defendants, BP Exploration & Production Inc. and BP Corporation North America Inc. ("Defendants"), file their Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Petition.

<u>**Motion to Transfer Venue**</u>

1.       Plaintiff has filed suit in this matter against defendants, claiming that Plaintiff has been personally injured.

2.       Defendants specifically deny all venue facts as alleged by plaintiff. Defendants deny that all or a substantial part of the events or omissions giving rise to this claim occurred in Galveston County, Texas. Defendants also do not have a principal office in Galveston County, Texas, nor do Defendants have "the vast majority of their employees" in Galveston County, Texas.

3.       Plaintiff is a resident of Louisiana. Therefore, no showing has been made by

HOU:3023369.1

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By
CODY STOTT

plaintiff that venue is proper in Galveston County under the general venue rule.

      4.    Defendant requests that the Court transfer this cause of action to Harris County, Texas because at least one Defendant has a principal office there. Accordingly, Harris County is a county of proper venue under Section 15.002 of the Texas Civil Practice and Remedies Code.

<u>**Original Answer**</u>

    Subject to their Motion to Transfer Venue, Defendants BP Exploration & Production Inc. and BP Corporation North America Inc. file this Original Answer in response to Plaintiff's Original Petition filed by Joshua Kritzer ("Plaintiff").

    Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

    WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing the Court enter judgment that Plaintiff take nothing and that Defendants be awarded their costs of court and such other and further relief to which they may be justly entitled.

- 2 -

A CERTIFIED COPY
Attest:    MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

Respectfully submitted,

ANDREWS KURTH LLP

By: *Thomas W. Taylor*

Thomas W. Taylor
State Bar No. 19723875
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 FAX
ttaylor@andrewskurth.com

J. Andrew Langan, P.C.
Texas Bar No. 24066576
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: 312.862.2000
Fax: 312.862.2200
andrew.langan@kirkland.com

ATTORNEYS FOR DEFENDANTS BP
EXPLORATION & PRODUCTION INC. AND
BP CORPORATION NORTH AMERICA INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record pursuant to the Texas Rules of Civil Procedure on this 19 th day of May, 2010.

*Thomas W. Taylor*

Thomas W. Taylor

FILED
10 MAY 19 AM 11: 13
GALVESTON COUNTY CLERK
DISTRICT COURT OF TEXAS

- 3 -

HOU:3023369.1

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

# EXHIBIT 5

No. 62,738

| | |
|---|---|
| JOSHUA KRITZER, ET AL | § IN THE COUNTY COURT |
| | § |
| VS. | § AT LAW NO. 3 |
| | § |
| TRANSOCEAN, LTD., TRANSOCEAN | § |
| OFFSHORE DEEPWATER DRILLING, | § |
| INC.; TRANSOCEAN DEEPWATER, | § |
| INC.; BP PRODUCTS NORTH | § |
| AMERICA, INC.; BP EXPLORATION | § |
| AND PRODUCTION INC.; BP, PLLC; | § |
| BP CORPORATION NORTH | § |
| AMERICA, INC.; HALLIBURTON | § |
| ENERGY SERVICES, INC.; SPERRY- | § |
| SUN DRILLING SERVICES, INC; | § |
| CAMERON INTERNATIONAL | § |
| CORPORATION D/B/A CAMERON | § |
| SYSTEMS CORPORATION | § GALVESTON COUNTY, TEXAS |

## NOTICE OF FILING OF LIMITATION ACTION AND
## ENTRY OF ORDER RESTRAINING PROSECUTION OF CLAIMS

TO:   THE HONORABLE ROY QUINTANILLA, COUNTY JUDGE

NOW COMES Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater

Inc., two of the limitation Petitioners in Civil Action No. 4:10-cv-1721, entitled *In Re the*

*Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean*

*Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing*

*Owners, Owners Pro Hac Vice, and/or Operators of the MODU Deepwater Horizon, in a cause*

*for Exoneration from or Limitation of Liability,* filed in the United States District Court for the

Southern District of Texas, and hereby gives notice to this Honorable Court that an Order

Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and

Restraining Prosecution of Claims was signed and entered in the aforementioned federal

A CERTIFIED COPY
Attest:   MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

limitation action on May 13, 2010, by United States District Judge Keith P. Ellison. A copy of said Order is attached hereto as Exhibit "A."

Pursuant to the United States District Court's May 13, 2010, Order, further prosecution of the above styled and numbered cause of action against the limitation Petitioners is stayed and enjoined and restrained, and all parties wishing to assert claims in connection with the casualty event described in the limitation action have been ordered to file their claims in the limitation action on or before November 15, 2010.

Respectfully submitted,

PREIS & ROY

By: _____
FRANK A. PICCOLO
TBN: 24031227
EDWIN G. PREIS, JR.
TBN: 24029069
RICHARD HYMEL
TBN: 24038190
ROBERT KALLAM
TBN: 24034175
KEVIN T. DOSSETT
TBN: 24004623
PREIS & ROY, APLC
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

MARC G. MATTHEWS
TBN: 4055921
PHELPS DUNBAR LLP
700 Louisiana, Suite 2600
Houston, Texas 77002
(713) 626-1386
(713) 626-1388 – Facsimile

FILED
10 MAY 17 AM 9:36

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

**ATTORNEYS FOR LIMITATION PETITIONERS TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN DEEPWATER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded electronically and by U.S. Mail, postage prepaid and properly addressed on this the 14th day of May, 2010, to:

Kurt B. Arnold
Jason Itkin
Cory Itkin
Robert P. Wynne
Arnold & Itkin
5 Houston Center
1401 McKinney Street, Suite 2550
Houston Texas 77010

Jay M. Kilpatrick
YoungWilliams P.A.
210 E. Capital Street, Suite 2000
Jackson Mississippi 39201

Ryan Zehl
Bryant Fitts
Fitts Zehl LLP
Galleria Tower 1
2700 Post Oak Blvd. Suite 1120
Houston Texas 77056

Frank A. Piccolo

FILED
10 MAY 17 AM 9: 36

A CERTIFIED COPY
MAY 2 1 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

# EXHIBIT A

FILED

10 MAY 17 AM 9:37

Mary Ann
COUNTY CLERK
GALVESTON COUNTY, TEX.

A CERTIFIED COPY
Attest:___MAY 2 1 2010___
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE THE COMPLAINT AND   §
PETITION OF TRITON ASSET LEASING   §     C.A. NO. 10-1721
GmbH, TRANSOCEAN HOLDINGS LLC,   §
TRANSOCEAN OFFSHORE DEEPWATER   §
DRILLING INC., AND TRANSOCEAN   §
DEEPWATER INC., AS OWNER, MANAGING   §    Fed. R. Civ. P. 9(h)
OWNERS, OWNERS PRO-HAC VICE,   §
AND/OR OPERATORS OF THE MODU   §
DEEPWATER HORIZON, IN A CAUSE FOR   §
EXONERATION FROM OR LIMITATION   §
OF LIABILITY   §     IN ADMIRALTY

## ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint and Petition having been filed herein on the ___13th___ day of May, 2010,

by Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore

Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners

*Pro Hac Vice,* and/or Operators, of the MODU *Deepwater Horizon,* her engines, gear, tackle,

appurtenances, etc., claiming the benefit of Limitation of Liability as provided for in the Act of

Congress entitled "An Act to Limit Liability of Shipowners and for Other Purposes" passed

March 3, 1851, now embodied in 46 U.S.C.A. §§ 30501, *et seq.,* and the statutes supplementary

thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty

and Maritime Claims of the Federal Rules of Civil Procedure, and also contesting their liability

independently of the limitation of liability claim under said Act for any loss, damage, personal

injuries, death, pollution, environmental damage or destruction resulting from or arising during

the voyage described in said Complaint and Petition, including, without limitation, any claims

[1]

A CERTIFIED COPY
Attest: MAY 21 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for hydrocarbons emanating from the sea floor, which commenced on January 30, 2010, in federal waters in the vicinity of Mississippi Canyon Block 727 and which terminated on or about April 22, 2010, in the vicinity of Mississippi Canyon Block 252, and said Complaint and Petition also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed;

And on hearing counsel for Petitioners and on considering the Complaint and Petition, the affidavits of value and pending freight attached thereto; and the Court having found adequate factual support that the value of Petitioners' interest in the said vessel and its then pending freight at the end of the said voyage does not exceed TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00);

And the Court having Ordered Petitioners to file an *Ad Interim* Stipulation in the amount TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00) with Ranger Insurance Company acting as surety, and Petitioners having filed such *Ad Interim* Stipulation and the Court having approved the *Ad Interim* Stipulation executed by Petitioners as principal and Ranger Insurance Company as surety, with interest at 6% per annum from its date, and with both Petitioners and their surety subject to such increases and decreases in the amount of such *Ad Interim* Stipulation as the Court may from time to time order, undertaking to pay into the Court's registry within ten (10) days after the entry of an Order confirming the report of the commissioner, if one be appointed, to appraise the amount or value of Petitioners' interest in the MODU *Deepwater Horizon* and her then pending freight, the aggregate amount or value of such interest as thus ascertained, or to file

[2]

A CERTIFIED COPY
MAY 2 1 2010
Attest:_____
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

in this proceeding a bond or Stipulation for Value in the usual form with surety in said amount, or agreeing to permit the *Ad Interim* Stipulation to stand as a Stipulation for Value if found sufficient in amount, or if the amount thereof be not contested; and that pending payment into Court of the amount or value of Petitioners' interest in the said MODU *Deepwater Horizon* and her then pending freight, as ascertained, or the giving of a stipulation for the value thereof, the said *Ad Interim* Stipulation shall stand as security for all claims in the limitation proceeding;

Now on motion of Attorney-in-Charge for Petitioners, it is hereby,

ORDERED, that a Monition issue out of and under the seal of this Court directing that Notice be provided all persons claiming damages for any and all losses, injuries, damages and destruction of property occasioned during the voyage of the MODU *Deepwater Horizon* as alleged in the said Complaint and Petition, which commenced on January 30, 2010, in federal waters in the vicinity of Mississippi Canyon Block 727 and which terminated on or about April 22, 2010, in the vicinity of Mississippi Canyon Block 252, and citing them to file their respective claims with the Clerk of this Court and serve on or mail a copy thereof to Attorney-in-Charge for Petitioner on or before the *15th* day of *November*, 2010, at his offices, Frank A. Piccolo, Preis & Roy, A.P.L.C., Wesleyan Tower, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046, or be forever barred, subject to the rights of any person or persons claiming damages as aforesaid, who shall have presented his, their or its claim under oath to answer said Complaint and Petition and to controvert or question the same; and it is further,

ORDERED, that public Notice of such Complaint and Petition shall be given by publication thereof in the Houston Chronicle, a newspaper of general circulation published in the City of Houston, Texas, and within the Southern District of Texas, such publication in said paper

[3]

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

to be once in each week until the return date and for at least four successive weeks before the return date of such Notice; and it is further,

ORDERED, that no later than the date of the second publication of such Notice of Complaint and Petition, Petitioners shall mail a copy of the Notice of Complaint and Petition to every person known to have made any claim or filed any actions against the MODU *Deepwater Horizon* or Petitioners arising out of the voyage described in the Complaint and Petition herein and to any such person's attorney, if known; and it is further,

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of any nature or description whatsoever, in any jurisdiction except in this action, against Petitioners, the MODU *Deepwater Horizon, in rem,* their agents, officers, representatives, and their underwriters or against any employee or property of the Petitioners, or any other person whatsoever for whom Petitioners may be responsible, in respect of any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the MODU *Deepwater Horizon,* be, and they are hereby ENJOINED, STAYED and RESTRAINED until the hearing and termination of this proceeding; and its is further,

ORDERED, that service of this Order as a Restraining Order may be made within this District by certified mail, or in the usual manner, and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or persons to be restrained or to his or their respective attorneys, or in the usual manner by mailing or hand delivering a conformed copy thereof to the person or persons to be restrained or to his or their respective attorneys, and in any other country by means of overseas air mail.

[4]

A CERTIFIED COPY
MAY 2 1 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

DONE at Houston, Texas, this 13th day of May, 2010.

UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

By:

FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY IN CHARGE FOR PETITIONERS
TRITON ASSET LEASING GMBH, TRANSOCEAN
HOLDINGS LLC, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC., AND
TRANSOCEAN DEEPWATER INC.**

[5]

FILED 10 MAY 17 AM 9:37
COUNTY CLERK
GALVESTON COUNTY, T.

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By CODY STOTT, Deputy

EXHIBIT 6

CAUSE NO. 62,738

| | | |
|---|---|---|
| JOSHUA KRITZER, ET AL. | § | IN COUNTY COURT AT LAW |
| | § | |
| | § | |
| VS. | § | NO. 3 |
| | § | |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| ET AL. | § | GALVESTON COUNTY, TEXAS |

---

### DEFENDANT'S ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL PETITION

---

Defendant BP Products North America Inc. ("Defendant") files this Original Answer in response to Plaintiff's Original Petition filed by Joshua Kritzer ("Plaintiffs").

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing the Court enter judgment that Plaintiff take nothing and that Defendant be awarded its costs of court and such other and further relief to which it may be justly entitled.

HOU:3023366.1

A CERTIFIED COPY
MAY 2 1 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
     CODY STOTT

Respectfully submitted,

ANDREWS KURTH LLP

By: *Thomas W. Taylor*

Thomas W. Taylor
State Bar No. 19723875
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 FAX
ttaylor@andrewskurth.com

J. Andrew Langan, P.C.
Texas Bar No. 24066576
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: 312.862.2000
Fax: 312.862.2200
andrew.langan@kirkland.com

ATTORNEYS FOR DEFENDANT
BP PRODUCTS NORTH AMERICA INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record pursuant to the Texas Rules of Civil Procedure on this 1́8th day of May, 2010.

*Thomas W. Taylor*

Thomas W. Taylor

FILED
'10 MAY 19 AM 11: 13

- 2 -

HOU:3023366.1

A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

Align bottom of Peel and Stick Airbill here.






A CERTIFIED COPY
Attest: MAY 2 1 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

EXHIBIT 7

CAUSE NO. 62,738

| | | |
|---|---|---|
| JOSHUA KRITZER, NICK WATSON, BILL JOHNSON, and RHONDA BURKEEN, | § | IN COUNTY COURT AT LAW |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | NUMBER THREE (3) |
| TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; BP PRODUCTS NORTH AMERICA, INC.; BP EXPLORATION AND PRODUCTION, INC.; BP, PLLC; BP CORPORATION NORTH AMERICA, INC.; HALLIBURTON ENERGY SERVICES, INC.; SPERRY-SUN DRILLING SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION d/b/a CAMERON SYSTEMS CORPORATION, | § § § § § § § § § § § | |
| Defendants | § | GALVESTON COUNTY, TEXAS |



FILED
10 MAY 24   PM 1:40
County Clerk
Galveston County Texas

## MOTION TO TRANSFER VENUE AND, SUJECT THERETO, ORIGINAL ANSWER

Defendant Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") files this its Motion to Transfer Venue and, Subject Thereto, Original Answer and in support thereof would respectfully show unto the Court as follows:

I.

### MOTION TO TRANSFER VENUE

A.    MOTION TO TRANSFER BASED ON IMPROPER VENUE

1.    Pursuant to Rule 86 and 87 of the Texas Rules of Civil Procedure, Cameron objects to venue in Galveston County, the county in which this suit was instituted, on the grounds that neither mandatory nor permissive venue exist in Galveston County, and move to transfer the case to Harris County, Texas.

383.00017/457614.1

A CERTIFIED COPY
MAY 2 4 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

2.      Plaintiff has alleged that venue is proper pursuant to in Galveston County under either TEX. CIV. PRAC. & REM. CODE §§ 15.0181 and 15.002.  Neither of these provisions provide for proper venue in Galveston County.

3.      Section 15.0181 provides for venue under certain circumstances in Jones Act (46 U.S.C. § 30104) cases.  The Jones Act claims made by Plaintiffs herein are untenable and fraudulently pled.  Even if the Jones Act claims were viable, however, there would be no basis for venue in Galveston County under § 15.0181 because 1) no defendant has its principal place of business in Galveston County, 2) it is not true that all or a substantial part of the events giving rise to the claim occurred in Galveston County, and 3) none of the plaintiffs resided in Galveston County[1] at the time the accident occurred.

4.      Section 15.002 does not provide a basis for venue either.   That is because 1) it is not true that all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County, 2) no defendant has a principal place of business in Galveston County, and 3) none of the plaintiffs resided in Galveston County at the time the accident occurred.

5.      Venue is proper, however, in Harris County, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) & (3),  because Cameron, and other defendants, reside and/or have their principal place of business, in Harris County, Texas.  Because Galveston County is not a proper venue, the Court should transfer this action to the judicial district courts of Harris County, Texas. *See Crown Cent. LLC v. Anderson,* 239 S.W.3d 385, 389 (Tex.App.—Beaumont 2007, pet. denied) ("If the plaintiff files suit in a county where venue is not proper, the plaintiff then waives the right to choose and the defendant may have the suit transferred to a  proper venue.").

---

[1] Indeed, the petition indicates that the plaintiffs reside in either Louisiana or Mississippi.

383.00017/457614.1

A CERTIFIED COPY
Attest:  MAY 2 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By. CODY STOTT  Deputy

**B.    SPECIFIC DENIALS OF VENUE**

6.      Cameron specifically denies that it, or any defendant, resides or has its principal place of business in Galveston County.

7.      Cameron specifically denies that any plaintiff resides in Galveston County, or resided in Galveston County at the time that this accident occurs.

8.      Cameron specifically denies that any plaintiff is a seaman or that any plaintiff can bring an action pursuant to the Jones Act.

9.      Cameron specifically denies that all or a substantial part of the acts or omissions giving rise to this incident occurred in Galveston County, Texas.

10.     Cameron specifically denies that any witnesses reside in Galveston County.

**C.    ALTERNATIVELY, MOTION TO TRANSFER FOR CONVENIENCE**

11.     Even if Galveston County could be a proper venue for this suit, transfer should still be made to Harris County for the convenience of the parties and witnesses, to avoid undue burden and expense to the parties, and in the interests of justice.  TEX. CIV. PRAC. & REM CODE 15.002(b).  All of the plaintiffs are from states other than Texas and have no tie to Galveston.  Moreover, access to Houston is easier than access to Galveston.

12.     Cameron and other defendants reside, and have their principal place of business, in Houston.  Consequently, the majority, if not all, of their witnesses and documents are in Harris County, Texas.  The balance of interests of all parties predominates in favor of the action being brought to Harris County, Texas, and such transfer would not work an injustice to any party to this suit.

383.00012/457614.1

A CERTIFIED COPY
MAY 2 4 2010
Attest:
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

**II.**

**GENERAL DENIAL**

    1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Cameron denies each and every, all and singular, of the allegations asserted by Plaintiffs and demands strict proof thereof.

**III.**

**FURTHER MATTERS**

    2.    Cameron reserves the right to amend its answer as permitted by the Texas Rules of Civil Procedure.

383.00017/457614.1

A CERTIFIED COPY
Attest: MAY 2 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
**CODY STOTT**

Dated: May 24, 2010

RESPECTFULLY SUBMITTED,

BECK, REDDEN & SECREST, L.L.P.

_David J. Beck_
David J. Beck
Federal Bar No. 919
State Bar No. 00000070
Joe W. Redden, Jr.
Federal Bar No. 2139
State Bar No. 16660600
David W. Jones
Federal Bar No.
State Bar No. 00790980
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2029
Telephone: 713-951-3700
Facsimile: 713-951-3720

LEWIS & WILLIAMS, L.L.P.
S.R. Lewis, Jr.
State Bar No. 12314500
2200 Market, Suite 750
Galveston, Texas 77550
(409) 762-1900 -- telephone
(409) 762-4606 -- facsimile

FILED
10 MAY 24  PM 1:40

ATTORNEY FOR DEFENDANT
CAMERON INTERNATIONAL
CORPORATION, F/K/A COOPER-
CAMERON CORPORATION

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served in compliance with the
Texas Rules of Civil Procedure on all counsel of record on ___24___ day of May, 2010:

_Stretch Lewis_
Stretch Lewis

383.00017/457614.1

A CERTIFIED COPY
Attest: MAY 2 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT